```
            UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF FLORIDA

            CASE NO. 09-80305-CIV-ZLOCH
```

RAQUEL DIAZ,

    Plaintiff,

vs.                                         **FINAL ORDER OF DISMISSAL**

CITY OF PAHOKEE, FLORIDA,

    Defendant.
_____/

    THIS MATTER is before the Court upon Defendant City of Pahokee's Motion To Dismiss (DE 5). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiff filed this § 1983 action alleging that she was deprived of property without due process of law when Defendant, a government entity, terminated her without a show cause hearing. Defendant now moves to dismiss the Complaint (DE 1) on the basis that Plaintiff resigned and is thus not entitled to constitutional protection for her job. For the reasons expressed more fully below, the Court finds that Defendant has the better argument.

I.

    Plaintiff was in the employ of Defendant from September of 2007 until August 26, 2008.[1] Her position was such that she could only be terminated for good cause. On August 13, 2008, Plaintiff

---

[1] The facts are recited herein as alleged in Plaintiff's Complaint (DE 1) and are taken as true for purposes of the instant Motion. Timson v. Sampson, 518 F.3d 870, 872 (11th Cir. 2008).

submitted a letter of resignation indicating that her last day working would be September 15, 2008. On August 26, 2008, her employment with Defendant ended without an opportunity to be heard.[2]

Plaintiff then filed this action pursuant to 42 U.S.C. § 1983, arguing that she had a property interest in her job and was deprived of the same without due process of law because there was no opportunity for her to be heard. Defendant now moves to dismiss this action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## II.

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a claim if it is implausible as pled. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556-57 (2007). That is, a claim must plead "enough factual matter (taken as true) to suggest" that recovery will be warranted. Id. at 556. In considering such a motion, the Court will accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff. Timson v. Sampson, 518 F.3d 870, 872 (11th Cir. 2008). The Supreme Court has counseled that Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough

---

[2] Plaintiff makes no allegation that her constitutional rights were violated insofar as she never received notice of her termination. The Complaint proceeds on the sole allegation that she received no opportunity to be heard. DE 1, ¶ 14.

facts to state a claim that is plausible on it face." Twombly, 550 U.S. at 570.

### III.

A governmental entity cannot deprive a person of his property without due process of law. U.S. Const. amend. XIV. Plaintiff's previous employment with Defendant constitutes a property interest because she could only be terminated for good cause. See Epps v. Watson, 492 F.3d 1240, 1246 (11th Cir. 2007). Due process, in the context of terminating an employee from a job, consists of giving the employee notice of the termination and an opportunity to be heard. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985). No Party disputes that Plaintiff never received an opportunity to be heard on her termination. Thus, the question is whether she was entitled to one.

If a person otherwise entitled to due process of law for termination voluntarily resigns from employment, he foregoes any due process protection. Stewart v. Bailey, 556 F.2d 281, 285-86 (5th Cir. 1977).[3] Thus, by deciding to terminate her own employment, an employee waives this right under the Fourteenth Amendment. Fetner v. City of Roanoke, 813 F.2d 1183, 1186 (11th Cir. 1987) ("If Fetner did in fact resign rather than face a public

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

hearing, Fetner cannot prevail.") (citing <u>Stewart</u>, 556 F.2d 281); <u>Van Arsdel v. Texas A&M Univ.</u>, 628 F.2d 344, 345-46 (5th Cir. 1980).  This case turns, then, on whether Plaintiff resigned from her job or whether Defendant unilaterally brought her employment to an end.

Plaintiff states in her Complaint that she "submitted her resignation" on August 13, 2008.  DE 1, ¶ 13.  This resignation, submitted by Plaintiff, unilaterally elected an effective date of September 15, 2008, a period of almost one month.  <u>Id.</u>  Evidently finding a month too long to retain a lame duck employee, Defendant terminated her employment as of August 26, 2008.  <u>Id.</u> ¶ 14.  Plaintiff's argument is that Defendant's decision to terminate her employment two weeks before her chosen date without an opportunity to be heard was unconstitutional.  It is clear, though, that she had already waived her due process rights by submitting her resignation.

Plaintiff admits in her Complaint that she "submitted her resignation" on August 13, 2008.  In her Response (DE 6) to the instant Motion she tries to re-couch her actions by arguing that she had not resigned as of August 26, 2008, because her resignation was not to be effective until September 15, 2008.  Thus, she is essentially attempting to rework the allegation in her Complaint that "[o]n August 13, 2008, Plaintiff submitted her resignation," into something in the nature of "on August 13, 2008, Plaintiff

4

decided that she would terminate her employment a month later and promptly informed her employer of this decision." But that is not what she said. A resignation is "[t]he act or an instance of surrendering or relinquishing an office, right, or claim. [It is a] formal notification of relinquishing an office or position." Black's Law Dictionary 1311 (7th ed. 1999). In other words to resign means "[t]o give up (a position), esp. by formal notification; quit. . . . To give up one's job or office; quit, esp. by formal notification." The Am. Heritage Dictionary 1051 (1985). It is clear by the statements made in her own Complaint that Plaintiff formally relinquished her position with her letter dated August 13, 2008.

    The Court has found no case to stand for the proposition that a resigning employee may bind her employer to retain her by unilaterally choosing the end date for her employment. Two contrary principles undermine Plaintiff's position. First, the act of voluntary resignation waives constitutional protections. Stewart, 556 F.2d at 285-86. The second is a policy argument that Plaintiff relies upon in her Response (DE 6). She argues that the notice period between the submission of a letter of resignation and the last day of employment serves to protect employers and that finding for Defendant herein would undermine that protection. See DE 6, p. 3 ("The purpose of the 'notice' is to allow the employer time to prepare for the employee's departure, including finding a

replacement employee."); see also id. at 5.  This argument, of course, is not couched in constitutional terms of protecting the rights of Plaintiff as an employee, but the Court will dwell on it shortly to illustrate the point.  As a matter of professionalism, and not constitutional law, Defendant deserves the ability to cope with an employee's departure without excessive interruption to its business operations.  Thus, it is to Defendant's benefit to allow the full period of time between the submission of a resignation letter and the last day of employment.  Defendant, however, clearly felt that the period of time between August 13, the day of submission, and August 26, the last day of work, was sufficient to cope with Plaintiff's departure.  Plaintiff cannot now argue that the protection offered by the conventional notice period, admittedly of a non-legal nature and for the benefit of employers, has somehow morphed into a constitutionally protected property interest in the job she has submitted her resignation for.  Whether her contract or common decency obliged her to agree to continue working while Defendant posted the position to find her replacement is unclear and immaterial.  All that matters here, though, is that the Constitution did not require Defendant to keep her on board for as long as she desired after voluntarily resigning.

## IV.

The Court finds that Plaintiff waived the protections afforded to her by the Due Process Clause of the Fourteenth Amendment by

voluntarily submitting her resignation on August 13, 2008. Moreover, Defendant's decision to truncate the period between this date and the last day of her employment is no constitutional violation.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant City of Pahokee's Motion To Dismiss (DE 5) be and the same is hereby **GRANTED**;

2. The above-styled cause be and the same is hereby **DISMISSED** for failure to state a claim upon which relief can be granted; and

3. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___27th___ day of April, 2009.

```
                              /s/ William J. Zloch
                              _____
                              WILLIAM J. ZLOCH
                              United States District Judge
```

Copies furnished:

All Counsel of Record